FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 2 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against –

LEONARDO BRAVO SARRIA,

Defendant.

11-CR-455

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On September 21, 2011, Leonardo Bravo-Sarria pled guilty to a lesser-included offense contained within Count One of a two-count indictment. The lesser-included offense to which Bravo pled guilty was the importation of heroin into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

Bravo was sentenced on December 21, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between thirty-seven and forty-six months. The offense carries a maximum term of imprisonment of 20 years. 21 U.S.C. § 960(b)(3). The maximum fine is $1,000,000. *See id.*

Bravo was sentenced to a year and a day of imprisonment and to three years of supervised release. A special assessment of $100 was imposed. No fine was ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which Bravo pled guilty is a serious one. Defendant brought high-purity heroin into the United States from

Colombia after being offered money to do so. Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant imported narcotics into the United States in an attempt to repay a debt to an individual in Colombia. He feared that his family would be endangered if he did not do so. Defendant has accepted responsibility for his crime, has no prior convictions, and appears to have been otherwise law-abiding. He was born in Colombia in 1985 and relocated to the United States in 2008. He obtained permanent resident status in the United States in August of that year. He is in good health, has a technical degree, and has held a variety of jobs in Colombia and in the United States. Defendant has never been married and does not have any children. He has been in a relationship with a woman who resides in Colombia for over two years, and he regards his partner's daughter as his own. Defendant's partner remains supportive of him and looks forward to his return to Colombia.

A sentence of a year and a day of imprisonment and three years of supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by term of imprisonment ordered. The sentence will send a clear message that the importation of illegal narcotics will result in punishment. Specific deterrence appears to be of relatively less importance in this case, as defendant's criminal behavior appears to be aberrant, but the term of imprisonment ordered will serve to further deter him from future criminal activity.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 21, 2011
      Brooklyn, New York